**Joseph M. DRISCOLL, Plaintiff,**

v.

**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 139, Defendant,**

**and**

**International Union of Operating Engineers, A.F.L.-C.I.O., Intervenor-Defendant.**

**Civ. A. No. 70-C-55.**

United States District Court, E. D. Wisconsin.

March 23, 1972.

Irvin B. Charne, and Michael C. Runde, Milwaukee, Wis., for plaintiff.

Gerry M. Miller, Milwaukee, Wis., for defendant.

J. Albert Woll, Washington, D. C., for intervenor-defendant.

## OPINION AND ORDER

REYNOLDS, Chief Judge.

This is a civil action challenging as incompatible with the Constitution and statutes of the United States a provision of the constitution of the International Union of Operating Engineers, AFL-CIO, which makes candidacy for local union office contingent upon execution of a non-Communist affidavit. Plaintiff requests a declaratory judgment and an injunction permanently enjoining defendants from excluding plaintiff from candidacy because of his refusal to comply with the non-Communist affidavit requirement. This matter is presently before me on defendants' motion for dismissal for lack of jurisdiction or, alternatively, for summary judgment.

The facts are undisputed and are as follows. On June 12, 1968, plaintiff Driscoll, a member in good standing of defendant Local No. 139, was nominated for the office of treasurer of the Local. Upon being nominated, the union sent him two documents for his signature— an acceptance of nomination and a non-Communist affidavit—both of which were required by the International's constitution. Driscoll signed the acceptance of nomination but mailed back the non-Communist affidavit without signature and marked with a large question mark.

The Business Manager of Local No. 139, in a letter dated July 3, 1968, called Driscoll's attention to the fact that he would not be eligible to run for office unless he executed the affidavit by July 8, 1968. On July 5, Driscoll responded that he had not done so because "the United States Supreme Court ruled that section of the Labor Law unconstitutional." On July 8, Local No. 139's election committee ruled that Driscoll was ineligible to run for office because of his failure to execute a non-Communist affidavit as required by the International's constitution.

On July 10, plaintiff was informed of his ineligibility. The next day plaintiff wrote to the General President of the International Union restating his conviction that execution of the non-Communist affidavit was unconstitutional and requesting that the election committee be instructed to place his name on the ballot. By letter dated July 26, 1968, the General President responded that he was unable to comply with Driscoll's request. Driscoll promptly appealed that decision to the General Executive Board of the International Union. On January 15, 1969, after several exchanges of letters, he was afforded a personal hearing

before a panel of the General Executive Board. Two months later he was informed by letter from the General Secretary-Treasurer of the International Union that the appeal had been denied.

On March 11, 1969, Driscoll filed his complaint with the United States Department of Labor in accordance with the provisions of § 402 of the Labor Management Reporting and Disclosure Act ("LMRDA").[1] The Labor Department processed the complaint and on May 1, 1969, informed Driscoll that his "complaint to the Secretary of Labor alleging violations of Section 401[2] of the * * * (LMRDA) * * *" had been investigated, and that it had "been determined that this case is not suitable for litigation under Section 402[3] of the Act."

The constitution of the International Union (Art. XXIII, Subdivision 1, Section (b), pp. 83–84) requires the execution of a non-Communist affidavit by candidates for union office but does not prescribe the language to be used therein. This is left to the discretion of the Executive Board of the Local Union (Art. XXIII, Subdivision 1, Section (d), p. 85). Driscoll's refusal, however, to execute the non-Communist affidavit does not turn upon the particular language of the affidavit which he was required to sign. That affidavit has, at any rate, been revised for use in the 1971 elections of Local No. 139.[4] Rather plaintiff's position is that a non-Communist affidavit, regardless of form, violates his statutory and constitutional

1. Section 402 (Title 29 U.S.C. § 482(a)):
   "(a) A member of a labor organization—
   "(1) who has exhausted the remedies available under the constitution and by-laws of such organization and of any parent body, * * *
   * * * * *
   may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of section [401] of this title (including violation of the constitution and bylaws of the labor organization pertaining to the election and removal of officers).
   * * * *"

2. Section 401(e) (29 U.S.C. § 481(e)):
   "(e) In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed) * * *"

   The provision referred to as section 504 (29 U.S.C. § 504) reads in relevant part as follows:
   "(a) No person who is or has been a member of the Communist Party or who has been convicted of, or served any part of a prison term resulting from his conviction of, robbery, bribery, extortion, embezzlement, grand larceny, burglary, arson, violation of narcotics law, murder, rape, assault with intent to kill, assault which inflicts grievous bodily injury, or a violation of [title II or III of this Act], or con-

spiracy to commit any such crimes, shall serve—
   "(1) as an officer * * * or other employee * * * of any labor organization, * * *
   * * * * *
   during or for five years after the termination of his membership in the Communist Party, or for five years after such conviction or after the end of such imprisonment, * * *."

3. Section 402 (29 U.S.C. § 482(b)):
   "(b) The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of this [title] has occurred and has not been remedied, he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization * * * to set aside the invalid election, if any, * * *."

4. The affidavit tendered to Driscoll by Local No. 139 reads as follows:
   "I swear that I am not at the present time or have ever been a member of the Communist Party or any other subversive organization dedicated to or advocating the overthrow of the Government of the United States."
   The revised affidavit states:
   "I swear that I am not a member of the Communist Party or other organization that advocates the overthrow of the United States Government by force or violence, knowing of and sharing in such advocacy and acting pursuant to the teaching that the United States Government should be overthrown by such means."

rights as announced in United States v. Brown, 381 U.S. 437, 85 S.Ct. 1707, 14 L.Ed.2d 484 (1965).

Plaintiff alleges as the bases for subject matter jurisdiction for this action Title 28 U.S.C. §§ 1331,[5] 1337,[6] 1343,[7] and Title 29 U.S.C. § 412.[8] I am of the opinion, however, that none of these bases are applicable and, accordingly, that the complaint *must be dismissed for lack of jurisdiction.*

## JURISDICTION BASED ON THE CONSTITUTION

■ Plaintiff alleges jurisdiction under Title 28 U.S.C. §§ 1331 and 1343 on the basis that this action arises under the Constitution. Defendants have, plaintiff argues, infringed upon his rights as guaranteed by the First and Fifth Amendments. The First and Fifth Amendments, however, only protect *individual rights from infringement* by federal and (through the Fourteenth Amendment) state governments. Thus, these amendments cannot be applied to the private sector except when private action is so clothed with governmental authority as to be considered "state" or "federal."

■ Plaintiff's position is that governmental action may be found in defendants' activities because trade unions play a vital role in the country and because they are subject to federal regulations. There is, of course, no question but that unions are subject to federal regulation[9] or that they are vital to our nation's economy; indeed, the latter is the principal reason for the former.[10] But the "question in a case like that before us is not whether *any* state involvement can be found; manifestly it can. The question is whether the state involvement that is undeniably present is involvement of a kind and extent that is 'significant' in terms of present-day state action doctrine."[11] Under the present state of the law I do not believe that a private organization's actions

---

5. "(a) The district courts shall have original jurisdiction of all civil actions * * * [which arise] under the Constitution, laws, or treaties of the United States."

6. "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

7. "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
   * * * * *
   "(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
   "(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

8. "Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. * * * "

9. See, e. g., Title 29 U.S.C.

10. See, e. g., Title 29 U.S.C. § 401, the declaration of the findings, purposes, and policy for the Labor Management Reporting and Disclosure Act:
   "The Congress finds that, in the public interest, it continues to be the responsibility of the Federal Government to protect employees' rights to organize, choose their own representatives, bargain collectively, and otherwise engage in concerted activities for their mutual aid or protection; that the relations between employers and labor organizations and the millions of workers they represent have a substantial impact on the commerce of the Nation; and that in order to accomplish the objective of a free flow of commerce it is essential that labor organizations, employers, and their officials adhere to the highest standards of responsibility and ethical conduct in administering the affairs of their organizations, particularly as they affect labor-management relations."

11. Seidenberg v. McSorleys' Old Ale House, Inc., 317 F.Supp. 593, 604 (S.D.N.Y. 1970).

may be labeled "state" or "federal" merely because those actions have a substantial impact on our economy, an economy grounded upon private enterprise by definition and/or merely because Congress, in order to fulfill its modern day responsibilities under the commerce clause, finds it necessary to regulate such private enterprise.[12] The case at hand is distinguished from that line of cases finding state action in private activities. Defendants "are not engaged in the exercise of any governmental function, nor do they possess or exercise any delegated power of a governmental nature."[13] Nor is this a case like Seidenberg v. McSorleys' Old Ale House, Inc., 317 F.Supp. 593 (S.D.N.Y.1970), which found state action in a private business (a tavern) operated by virtue of a state license and which was the subject of extensive government regulation in almost every facet of its operation. Finally, it is not argued in the instant case that defendants are the recipients of either government funds or special privileges.

## JURISDICTION BASED ON THE LMRDA

Plaintiff alleges that the union's requirement of a non-Communist affidavit from all candidates for union offices constitutes a violation of Title I § 101 of the LMRDA in that the affidavit requirement denies him equal protection, freedom of speech and assembly, and due process.[14] It is further alleged that defendants' affidavit requirement is imposed pursuant to authority permitted unions under LMRDA.[15] Accordingly, it is argued that this court has jurisdiction under Title 28 U.S.C. §§ 1331, 1337, 1343, and Title 29 U.S.C. § 412. I find that this argument is not persuasive.

12. Cf. Oliphant v. Brotherhood of Locomotive Firemen and Enginemen, 262 F.2d 359 (6th Cir. 1958).

13. Chicago Joint Board, Amalgamated Clothing Workers v. Chicago Tribune Co., 435 F.2d 470, 476 (7th Cir. 1970).

14. Section 101 (Title 29 U.S.C. § 411) reads in pertinent part:
"(a) (1) Equal rights.—Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.
"(2) Freedom of speech and assembly.—Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *Provided,* That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.
\*       \*       \*       \*       \*
"(5) Safeguards against improper disciplinary action.—No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.
"(b) Any provision of the constitution and bylaws of any labor organization which is inconsistent with the provisions *of this section shall be of no force or effect.*" (Emphasis added.)

15. Title 29 U.S.C. § 481(e):
"(e) In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed) and shall have the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof. \* \* \*"

Congress, when it adopted the LMRDA, chose to incorporate into that Act bases for federal court jurisdiction separate and distinct from those set out in Title 28 U.S.C. §§ 1331, 1337, and 1343. At least in a case such as this, it cannot be said that §§ 1331, 1337, and 1343 jurisdiction arises on the bases of violations of the LMRDA. Rather, the court must find its grant of jurisdiction within the Act itself.[16]

Turning then to the LMRDA, there are two possible bases for jurisdiction. First, § 102 allows the individual union member to bring an action in this court seeking redress for violations of § 101; and second, § 402 allows the Secretary of Labor (and only he) to bring an action for violation of Title IV rights. (Title IV deals with union elections and eligibility to be a candidate.) In that the Secretary of Labor has not brought the instant action, this court has jurisdiction only if it can be found under § 102.

Plaintiff contends that the court has jurisdiction under § 102, arguing that the non-Communist affidavit requirement is directly related to rights of free speech guaranteed under 29 U.S.C. § 411(a) (2) (§ 101) and has effects which reach far beyond mere eligibility for elective office. That argument is persuasive. One very similar to it, however, was rejected by the Supreme Court in Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964). The Court noted there that jurisdiction under § 102 cannot "be upheld by reliance in whole or in part on allegations which in substance charge a breach of Title IV, [union election] rights" (at p. 138, 85 S.Ct. at p. 295), and held that "possible violations of Title IV of the Act regarding eligibility [for union office] are not relevant in determining whether or not a district court has jurisdiction under § 102 of Title I of the Act" (at pp. 139–140, 85 S.Ct. at p. 296).

Colpo v. Highway Truck Drivers and Helpers, Local 107, 201 F.Supp. 307, 309 (D.Del.1961), adequately summarizes the jurisdictional problem which is at issue here:

"The plaintiff seeks judicial protection of his asserted right to be a candidate. Perusal of Title I satisfies the court that nowhere among the rights enumerated therein is the right to be a candidate found. By its express terms, § 102 restricts Federal District Court jurisdiction to those causes asserted by plaintiffs whose Title I rights have been violated. Since the right of candidacy is not afforded by Title I, no remedy for its violation is available under § 102 of the LMRDA. * * *

"The right of candidacy is derived exclusively from the provisions of Title IV, § 401(e). * * *"

It is therefore ordered that the defendant's and the intervening defendant's motion for dismissal be and it hereby is granted for want of jurisdiction over the subject matter.

---

16. Colpo v. Highway Truck Drivers and Helpers, Local 107, 201 F.Supp. 307 (D. Del.1961), vacated as moot 305 F.2d 362 (3rd Cir. 1962), cert. denied 371 U.S. 890, 83 S.Ct. 188, 9 L.Ed.2d 123 (1962).