**Joseph GOLDEN, Plaintiff,**

v.

**UNITED BROTHERHOOD OF CARPEN-TERS & JOINERS OF AMERICA and Lakeland Carpenters District Council, now merged into Local Union 290, of Lake Geneva, of the United Brotherhood of Carpenters & Joiners of America, Defendants.**

**No. 74–C–601.**

United States District Court,
E. D. Wisconsin.

June 12, 1975.

Gerald T. Flynn, Racine, Wis., for plaintiff.

Goldberg, Previant & Uelmen, by David Leo Uelmen, Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant unions, United Brotherhood of Carpenters & Joiners of America and its local No. 290, have moved to dismiss this action pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure. I hold that the defendants' motion should be granted.

The plaintiff commenced this action on December 12, 1974, to recover dam-

ages for allegedly wrongful internal union discipline imposed upon him in 1961. He claims that he was deprived of his right to a fair hearing before a trial committee of the defendant district council on charges brought against him in 1959.

Following the challenged disciplinary proceedings, the plaintiff was expelled from membership in the union. Subsequently, òn August 28, 1961, the general president of the defendant international union, acting on the plaintiff's appeal, reinstated him as a member of the defendant local but permanently barred him from attending union meetings and from holding union office.

The plaintiff seeks to invoke the subject matter jurisdiction of this court pursuant to 28 U.S.C. § 1331 (1970) on the ground that he was denied fourteenth amendment procedural due process. In a pendent claim, he also asserts that the defendants have violated rights secured to him by the union constitution and by-laws.

The defendants have moved to dismiss on the ground that there is no federal jurisdiction to maintain this action under 28 U.S.C. § 1331 and, therefore, no pendent jurisdiction over the claimed cause of action under state law. In the alternative, the defendants claim that this action is barred by the pertinent statute of limitations.

It is unnecessary to decide the defendants' claim based on the statute of limitations, for it is clear that this court lacks jurisdiction of this action. An essential element of a fourteenth amendment claim is an allegation of state action. *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948). The decisions of this court and of the court of appeals for the seventh circuit in *Driscoll v. International Union of Operating Engineers Local 139,* 339 F. Supp. 757 (E.D.Wis.1972); aff'd, 484 F.2d 682 (7th Cir. 1973), cert. denied, 415 U.S. 960, 94 S.Ct. 1490, 39 L.Ed.2d 575 (1974), establish that internal union proceedings such as those challenged in this action involve no state action and, therefore, no basis for federal jurisdiction under 28 U.S.C. § 1331. Cf. *Doe v. Bellin Memorial Hospital,* 479 F.2d 756 (7th Cir. 1973), and *Lucas v. Wisconsin Electric Power Co.,* 466 F.2d 638 (7th Cir. 1972).

The plaintiff suggests that state action *is* involved, but I find no support for such position in the record before this court.

In the absence of jurisdiction over the challenged federal claim, the court is also without jurisdiction over the pendent state claim. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Therefore, it is ordered that the defendants' motion to dismiss be and hereby is granted.

It is also ordered that this action be and hereby is dismissed, without prejudice.